SAMUEL BEATTY *v.* A. A. CURTIS ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—352, as Beattie v. Curtis et al.]

**Effect of Judgment by Agreement.**

Where a judgment is entered by agreement it binds the parties to it and as to claims existing between them which the defendant did

not plead when he could have done so, the claims being expressly included in the agreed judgment, such a judgment is an adjudication of all matters which were or might have been pleaded as a defense to such action.

### Sufficiency of Petition for Vacation of Judgment.

A petition by a defendant to vacate a judgment is insufficient when it fails to allege any facts showing diligence in discovering the defenses he had before judgment. A defendant can not have a judgment against him vacated because he forgot or by mistake failed to consider them in the agreement to enter judgment.

### Injunction Against Collection of Judgment.

Where after a judgment is entered for $1,300 against a defendant he pays $747.78 on it, but an execution is issued for the full amount of the judgment and the sheriff is about to sell the defendant's land for the debt, the defendant is entitled to have an injunction to prevent the sale of the whole of his land and the collection of the whole amount of the judgment should be enjoined.

### APPEAL FROM ESTILL CIRCUIT COURT.

October 21, 1882.

OPINION BY JUDGE HARGIS:

The first suit between Curtis and Beatty was compromised and a judgment entered for the sum of $1,300. The commissioner advertised the land which was to be sold by agreement of the parties. After the judgment was rendered and before the land was advertised by the commissioner, the appellant, Beatty, paid $747.78 on the judgment. Notwithstanding this payment the appellee, Curtis, proceeded to sell the land for the whole amount of the agreed judgment, and the appellant, Beatty, brought suit in equity enjoining the sale of the land and the collection of the judgment, asking that it should be set aside and a rehearing awarded to him on the ground that he had more than $2,000 in claims against Curtis which had not been litigated in the first suit. As to these claims, if he did not plead them in the action brought against him by Curtis, he could have done so and the agreed judgment expressly embracing everything between them except the settlement of the partnership of Curtis, Moore & Beatty must be treated as an ad-

49

judication of all matters which were or might have been pleaded as a defense to the action.

The petition for a vacation of the judgment furnishes no grounds sufficient in law therefor. It fails to allege any diligence in discovering the defenses appellant had before judgment was rendered against him. The meaning of the petition is that he simply forgot, or by mistake failed to consider them in the agreement to enter the judgment. Besides the legal insufficiency of the allegations of the petition it is very unreasonable to suppose that appellant would agree to a judgment for $1,300 against himself when the appellee owed him more than $700 on the matters embraced by their agreement. The court, therefore, properly refused to vacate the judgment. But Beatty's injunction to the extent of $747.78 ought to have been sustained and the sale of the land for that sum perpetually enjoined. Under the circumstances of the case no damages ought to have been awarded on the dissolution of the injunction, as the appellee would have sold the whole of the appellant's land for the whole of the judgment but for the injunction.

In the branch of these consolidated cases which involves the settlement of the partnership between Curtis, Moore & Beatty the court erred in confirming the master's report. The testimony shows that the partnership was an equal one, and that Curtis and Moore furnished no money to the capital stock, nor any labor except in selling the coal after it arrived at market or was on the way. Beatty furnished the coal, had it dug and shipped, superintended everything connected therewith, and Curtis and Moore charged up and were credited, as against the partnership, everything and all the money furnished to it by either of them, then permitted to share equally in the profits. Such is not an equal partnership. Beatty is entitled first to be credited with the value of the work, labor and expenses, including his own labor and skill, in managing the affairs of the concern, which he did, had done, or furnished. Also the per cent. on each hundred bushels of coal as bankage. He was not personally charged with any of the accounts of Moore or Curtis except to the extent he may have used what they furnished or paid for his own individual benefit. Their accounts must be charged against the firm, except as stated. The evidence shows the whole amount of coal sold by the firm to be $10,026.61, and that sum should be the basis from which to take the expenses and estimate the profits of the partnership.

The boat load of coal sent to Clay's Ferry, which Curtis claims to have paid Beatty for, must be charged to the firm as a part of the general sales, and unless the books of the firm or some writing is adduced showing that Curtis did pay Beatty for this boat load of coal, the alleged payment by Curtis will be excluded. Wherefore the judgment is *reversed* and cause remanded with directions to ascertain through a report of the master, if the chancellor deems his aid necessary, the state of the accounts of each of the parties against the partnership, and the amount drawn out or received by each partner from the partnership effects and renders judgment in accordance with the principles of this opinion and on the basis of sales indicated.

For the amount which may be found due to Beatty against Curtis, a credit should be allowed on the agreed judgment and the injunction perpetuated to that extent even if the whole thereof be extinguished, as Curtis appears to be insolvent and the assignment of the judgment as collateral security to Cockrill does not cut Beatty off from any defenses he might have made at the time he received notice of the assignment, which was long after the dissolution of the partnership, sought to be settled.

*H. C. Lilly, for appellant.*

*J. B. White, I. N. Cardwell, for appellees.*